UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ONUR DENIZ,<br><br>                              Petitioner,<br><br>v.<br><br>CHRISTOPHER LAROSE, et al.,<br><br>                             Respondents. | Case No.: 3:25-cv-3588-CAB-DEB<br><br>**ORDER GRANTING A WRIT OF HABEAS CORPUS**<br><br>[Doc. No. 1] |

Petitioner Onur Deniz ("Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Doc. No. 1 ("Petition").] Petitioner claims that he is detained by Immigration and Customs Enforcement ("ICE") in violation of the Administrative Procedure Act and the Fourth and Fifth Amendments. [*Id.* at 14–19.] He principally seeks immediate release from ICE detention. [*Id.* at 19–20.]

I.   **BACKGROUND**

Petitioner is a Turkish national who entered the United States on March 3, 2023, was briefly detained, and then paroled into the country. [*Id.* at 2.] He received work authorization and on January 16, 2024, filed an application for asylum, which remains pending. [*Id.*] While visiting Oceanside, California on October 25, 2025, Petitioner mistakenly turned into the entry gate at Camp Pendleton. [*Id.* at 3.] The military police detained Petitioner and then turned him over to ICE, who transferred him to detention at

the Otay Mesa detention facility where he remains. [*Id.* at 3–4.] Petitioner claims that Respondents seek to revoke his parole and detain him until his asylum application is decided. [*Id.*]

Respondents do not contest any of the facts asserted in the Petition. [*See generally* Doc. No. 4.] Instead, Respondents rely on the Department of Homeland Security's "Interim Guidance Regarding Detention Authority for Applicants for Admission," which requires "anyone arrested in the United States and charged with being inadmissible to be considered an 'applicant for admission' under 8 U.S.C. § 1225(b)(2)(A), [and] subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) and not subject to detention under 8 U.S.C. § 1226(a)." [Doc. No. 4 at 2.] However, pursuant to the final judgment entered in the class action in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3289861 (C.D. Cal. Nov. 20, 2025), holding this interim guidance unlawful, Respondents "acknowledge that Petitioner is detained under 8 U.S.C. § 1226(a) and is entitled to an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)." [*Id.*]

## II. LEGAL STANDARD

A writ of habeas corpus challenges the legality of petitioner's custody and seeks to secure release from that illegal custody. Under 28 U.S.C. § 2241, a district court may grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." The petitioner bears the burden of demonstrating that he is in illegal custody. *See Martinez v. Noem*, No. 25-CV-2740-BJC-BJW, 2025 WL 3171738, at *2 (S.D. Cal. Nov. 13, 2025).

## III. DISCUSSION

The Due Process Clause of the Fifth Amendment provides that no person shall be "deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. "Freedom from imprisonment—from government custody, detention, or other forms of physical restrain—lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). This protection applies to noncitizens as it does U.S. citizens.

1 *See Wong Wing v. United States*, 163 U.S. 228, 238 (1896) ("[E]ven aliens shall not . . . be deprived of life, liberty, or property without due process of law."). Moreover, noncitizens seeking asylum are guaranteed due process under the Fifth Amendment throughout the asylum process. *Reno v. Flores*, 507 U.S. 292, 306 (1993).

"Courts have previously found that individuals released from immigration custody on bond have a protectable liberty interest in remaining out of custody[.]" *Valencia Zapata v. Kaiser*, No. 25-CV-07492-RFL, 2025 WL 2578207, at *3 (N.D. Cal. Sept. 5, 2025) (listing cases). Indeed, "the government's decision to release an individual from custody creates an implicit promise, upon which that individual may rely, that their liberty will be revoked only if they fail to live up to the conditions of release." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) (cleaned up) (internal quotation marks omitted) (citing Morrissey v. Brewer, 408 U.S. 471, 482 (1972)).

In *Noori v. LaRose*, No. 25-CV-1824-GPC-MSB, 2025 WL 2800149, at *11 (S.D. Cal. Oct. 1, 2025), the government violated a noncitizen parolee's Fifth Amendment due process rights when the government revoked his parole by sending a mass electronic notification one morning and arresting him later that day at his immigration hearing. *Id.* at *2, 11. The *Noori* court thus held that he had a "protectable expectation of his due process rights in his removal proceedings . . . and was entitled to both notification of revocation and the reasoning for revocation, if not also an opportunity to be heard and contest the determination." *Id.* at *11.

Here, Petitioner received even less due process than the *Noori* petitioner. Petitioner receive no notification or individualized reason as to why his parole was being revoked when he was summarily detained on October 25, 2025. Though Respondents now claim he is entitled to a bond hearing under 8 U.S.C. § 1226(a), they do not explain how Petitioner was lawfully detained in the first place. Giving Petitioner a bond hearing now would not remedy the Fifth Amendment violation he has already experienced. Only release from detention can accomplish that now.

///

## IV.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** the petition for a writ of habeas corpus and **ORDERS** Respondents to immediately release Petitioner from custody under the same conditions which existed immediately prior to Petitioner's detention. Respondents are further **ENJOINED** from re-detaining him without notice and a pre-detention hearing before a neutral decisionmaker.

It is **SO ORDERED**.

Dated: December 23, 2025

Hon. Cathy Ann Bencivengo
United States District Judge